FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

2021 JAN -6   PM 12: 21

~~~~~~~~~~~~ ~ ~T COURT
~~~~~~~~~~~ ~~T ~ FL
~~ ~ ~ ~ ~ ~

5: 21-CV- 11-0C-30PRL

STEPHEN LOFTIS WHITE

PETITIONER

Vs

STATE OF FLORIDA
d/b/a: Nicholas B. Cox
3507 E. Frontage Rd, Ste 325
Tampa, FL 33607-1795

STATE OF FLORIDA
d/b/a:  Robert C. Finkbeiner, Jr.
135 West Central Boulevard, Suite 100
Orlando, Florida 32801

OFFICE OF THE ATTORNEY GENERAL
Ashley Moody, Attorney General
d/b/a: STATE OF FLORIDA
444 Seabreeze Blvd.
Daytona Beach, Florida 32118

DEFENDANTS

Stephen-Loftis: White
C/O:  Post Office Box 324
Archer, Florida [32618]

Federal Question Petition from Supreme Court of Florida
Docket/case # SC20-1850 appeal of denial order on Motion originating
cause #19CF468-03 THE COURT OF THE FIFTH JUDICIAL
CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA

## JURISDICTIONAL COMPLAINT

OCA-11675

ii.

LIST OF PARTIES

Stephen Loftis White
C/O: Post Office Box 324
Archer, Florida [32618]


Nicholas B. Cox
3507 E. Frontage Rd, Ste 325
Tampa, FL 33607-1795


Robert C. Finkbeiner, Jr.
135 West Central Boulevard, Suite 1000
Orlando, Florida 32801


OFFICE OF THE ATTORNEY GENERAL
Ashley Moody, Attorney General
d/b/a: STATE OF FLORIDA
444 Seabreeze Blvd.
Daytona Beach, Florida 32118

iii.

## TABLE OF CONTENTS

List of Parties ……………………………………………….……….. ii.

Table of Contents…………………………….…………………… iii.

Exhibits…………………………………………………………….iv.

Table of Citations ………………………………….…………….. v.

Cases……………………………………………………………….. v.

Statutes ……………………………………………………….…... vi.

Constitutional Provisions………………………………………… vii.

Cited UCC'S………………………………………………….….……..vii.

Introduction ……………………………………….…...………….. 1.

Unanswered Jurisdictional Issues …………..…..………………... 1-4.

Overall Facts …………………………………..........…..………....4-5.

Due Process Clause …………………………….…...…..…………. 6.

Request from Federal Court ……………..………….…..………... 6.

Conclusion ……………………………………..........………...…. 7.

iv.

## EXHIBITS

Exhibit "A" ORIGINAL MOTION ON APPEAL from THE COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA…...…………... 13

Exhibit "B" ORDER ON MOTION from IN THE COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA……………....... 15

Exhibit "C" Decision/Order from THE DISTRICT COURT OF APPEAL, FIFTH DISTRICT…………………….....…….………………………………………......….. 17

Exhibit "D" ORDER/DECISION FROM THE SUPREME COURT OF FLORIDA………………………………………….……………………………….....19

v.

## TABLE OF CITATIONS

CASES

*Silkwood v. Kerr-McGee Corp.*

    [464Vu.s. 238, [247 supra]] (1984)

*Perry Education Assn. v. Perry Local Educator's Assn.* 460 U.S. 37, 43

*Main v. Thiboutot*

    100 S. Ct 2502 (1980)

*Hagans v. Lavine*

    415 U.S. 533

*Thompson v. Tolmie*

    2 Pet, 157 7.L. ED. 381

*Griffith v. Frazier*

    8 Cr. 9, 3 L. ED 471

*Basso v. Utah Power & Light Co.*

    4952nd 906 at 910

*United States v. Lee*

    106 U.S. 196, 220, 221, 1.S. CT 240, 261

*McNutt v. GMAC*

    298 U.S. 178

*Gowdy v. Baltimore and Ohio R.R. Company* 385 III. 86, 92, 52 N.E. 2d 255 (1943)

*Maxfield's Lessee v. Levy, 4* U.S. 308, 330 (1797)

vi.

STATUTES

28 U.S.C. § 1251

28 U.S.C. § 1254 (2)

Title 5 U.S.C. 556

Title 5 558 (b)

Title 5 556 (d)

Title 26 CFR § 601, 503

Title 15 § 1122

20 C.J.S. 1785, Page 11

28 U.S.C. § 3002 (15)

Federal Rule E (8)

Chapter 48; 48 STAT. 112

18 U.S.C. App., at 912

vii.

## CONSTITUTIONAL PROVISIONS

Article II, 1 c. 1.5.

U.S. Constitution, Eleventh Amendment

U.S. Constitution, Fourteenth Amendment, Due Process and equal protection
     clauses

U.S. Constitution, First Amendment, Right to petition the   government clause

Separation of Powers Clause (Articles I, II, and III)

## CITED U.C.C.

U.C.C. § 1-104

U.C.C. § 1-201 (2)

U.C.C. § 1-201 (14)

U.C.C. § 1-201 (27)

U.C.C. § 3-302 (A) (2)

U.C.C. § 5-102 (6)

U.C.C. § 9-105

U.C.C. § 10-104

U.C.C. Article 2, Section 401

U.C.C. Article 8, Section 103

U.C.C. Article 8, Section 105

1.

## INTRODUCTION

Now Comes Aggrieved parties (U.C.C. § 1-201 (2)) Stephen-Loftis: White© TM
(hereinafter Aggrieved party), Sui Juris, Secured Party (U.C.C. § 9-105), NON-
PERSON (U.C.C. § 1-201 (27)), NON-RESIDENT, NON-DEBTOR (28 U.S.C. § 3002
(4), NON-CORPORATED, NON-FICTION, NON-SUBJECT, NON-PARTICIPANT in
any government programs, a Living flesh and blood Man standing on the ground,
Sovereign, NON-CITIZEN, under a "Restricted Appearance" (Rule E(8)), NON-
DEFENDANT (U.C.C. § 1-201 (14), Holder-In-Due-Course (U.C.C. § 3-302 (A) (2) of
all documentation (U.C.C. § 5-102 (6) of the "Entity" Cestui Que Vie trust Stephen-
Loftis: White© TM, representing the Corporate Fiction: STEPHEN LOFTIS WHITE©
TM (hereinafter referred to as "White").

### UNANSWERED JURISDICTIONAL ISSUES

As the Plaintiff it was the Prosecutor's responsibility to prove it's alleged
jurisdiction on the record. Without proof existing on the record, where a judge
arbitrarily states the court has jurisdiction, he is violating the defendant's right to due
process of the law.

The Federal Court has the authority to review a federal question, as in this case,
the State Court's denial of White's due process, equal protection, and separation of
powers stemming from a refusal to require the State's proof of jurisdiction asserted, is
exactly a case of State Actions "...invalid as repugnant to the Constitution, treaties or
laws of the United States...." statutes authorizing appeals are to be strictly construed.
*Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238. 247 (1984). *Perry Education Assn. v.
Perry Local Educator's Assn.*, [460 U.S. 37, 43 (1983)]. As noted in *Silkwood*, supra, at
247, "we have consistently distinguished between those cases in which a state statute is
expressly struck down" as repugnant to the Constitution, treaties, or Laws of the United
States, and those case(s) in which "an exercise of authority under state law in
invalidated without reference to the state statute(s)."

2.

This Federal Court has jurisdiction under Article III of the U.S. Constitution, in which federal courts can hear "all cases, in law or equity, arising under this Constitution..." - US Const, Art III, Sec 2. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a federal ingredient. Osborn v. Bank of the United States, 9 Whea. (22 U.S.) 738 (1824). In addition, requirements of 28 USC 1331 are also met – this federal court has jurisdiction because it "arises under" federal law and constitutes exactly as "suit arises under the law that creates the cause of action" American Well Works v. Layne, 241 US 257 (1916), and is NOT of state statute origin. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908).

It is White's right to challenge jurisdiction, even years later, and it is the Prosecutor's duty to prove it exist. These holdings about jurisdiction have already been settled, and the lower courts as well as this Court is being given Judicial Notice of the following:

(a) "The law provides that once the State and Federal jurisdiction has been challenged, it must be proven." *Main v. Thiboutot*, 100 S. Ct. 2502 (1980);

(b) "Once jurisdiction is challenged, it must be proven." *Hagans v. Lavine*, 415 U.S. 533;

(c) "Where there is absence of jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification, and may be rejected upon direct attack." *Thompson v. Tolmi*, 2 Pet. 157, 7 L. Ed. 381; *Griffith v. Fraizer*, 8 Cr. 9, 3 L. Ed. 471;

(d) "No sanctions can be imposed absent proof of jurisdiction." *Standard v. Olsen*, 74 S. Ct. 768; Title 5 U.S.C., Sec. 556 and 558(b);

(e) "The proponent of the rule has the burden of proof." Title 5 U.S.C., Sec. 556(d);

3.

(f) "Jurisdiction can be challenged at any time, even on final determination."
   *Basso v. Utah Power & Light Co.*, 495 2nd 906 at 910.

(g) "When jurisdiction challenges the act of a Federal or State official as being
   illegal, that official cannot simply avoid liability based on the fact that he
   is a public official." [*United States v. Lee*, 106 U.S. 196, 220, 221, 1.S.
   Ct 240, 261].

Jurisdiction, once challenged, **is to be proven, not by the Court, but by the
party attempting to assert jurisdiction, the burden of proof of jurisdiction lies
with the asserter.** The Court is only to rule of the sufficiency of the proof tendered, see
*McNutt v. GMAC*, 298 U.S. 178. The origins of this doctrine of law may be found in
*Maxfield's Lessee v. Levy* , 4 U.S. 330 (1797).

The Prosecutor has the duty to place all fact(s) of jurisdiction upon the record as
a necessary requirement of due process of law. A Court "cannot confer jurisdiction
where none exists and cannot make a void proceeding valid." *Gowdy v. Baltimore and
Ohio R.R. Company*, 385 III. 86, 92, 52 N.E. 2d 255(1943)] without evidence, no such
jurisdiction can be presumed to exist.

The record of the court in the originating Judicial Circuit court cause
#19CF468-03 as well as any/all Appeals to date, all show silent and tacit acquiescence
of STATE OF FLORIDA; et al;, D/B/A: Nicholas B. Cox; Robert C. Finkbeiner, Jr.;
and Ashley Moody, therefore they are in default to specific stipulated facts. His/her
default was by choice, and comprises his/her agreement to be bound by the admitted
facts for purposes of summary judgment. The prosecutors and Attorney General of
Florida both all agreed to be bound by all the terms of White's offered trust contract
and waives all rights or recourse, appeal, objection, protest, claim or controversy
having had opportunity and failed to state and prove jurisdiction on the record. The
prosecutor's duty and obligation to provide ALL the facts that establish the court's
jurisdiction and **place them upon the record** – even in a collateral attack against

4.

jurisdiction.  STATE OF FLORIDA; et al;, D/B/A: Nicholas B. Cox; Robert C.
Finkbeiner, Jr.; and Ashley Moody has defaulted, gone silent, and tacitly acquieseced to
the facts and evidence admitted in the record between the parties in the trial case and
otherwise.

## OVERALL FACTS

Aggrieved Party, Stephen-Loftis: White, Sui Juris, has duly Accepted For Value,
filed and Registered with the Secretary of Treasury, the Division of Corporations
Uniform Commercial Code Division, among others, his Birth Registration Documents
in accordance with House Joint Resolution 192 of June 5, 1933 and U.C.C. § 1-104 &
U.C.C. §´10-104, as well as Chapter 48 48.STAT 112; thereby, and further herein re-
vesting to Grantor Title of all property in accordance with 26 CFR § 1.676A-1, to
include any and all Power of Attorney under 26 CFR § 601.503, which were displaced
due to fraudulent inducements to transact business and nondisclosure of material facts
and legal ramifications.

It has been further found and determined that the Application for Birth
Registration, the live Birth Report, and insurance of a "Certificate of Live Birth" are all
one of the same "Security Instruments" as articulated in U.C.C. Article 8, Section 103
& 105, and do not have any "Authorized Signatures" thereon, (Article 2, Sec. 401) and
are therefore "Counterfeit Securities" further warranting the return thereof.

Furthermore, a "Application for a Social Security Card, Form SS-5" was
fraudulently induced through continuous actions into the jurisdiction of the Federal &
State Government by way of the before mentioned contracts/forms thereby altering my
citizenship as a real free-born human being within the Republic, held under Article II, 1
c. 1.5. Form W-8BEN has been filed with www.FloridaUCC.com which is the official
designee of the Florida Secretary of State for all public UCC records, along with The
United States of America Treasury and to Secretary of Treasury in Puerto Rico

5.

showing/claiming a filed W-8BEN; "Certificate of Foreign Status of Beneficial Owner..."; for White has become Holder-In-Due-Course to any/all document(s) of the fraudulent filing(s) of the CORPORATE Fiction of: STEPHEN LOFTIS WHITE.

Aggrieved Party, Stephen-Loftis: White, **has rescinded all contracts with all Court(s) be they State and/or Federal; and rescinded known or unknown involvement with any/all Government program(s) set forth with any/all Government Agencies; and does not rely on and/or accept anything from the Government.**

STATE OF FLORIDA; et al;, D/B/A: Nicholas B. Cox; Robert C. Finkbeiner, Jr.; and Ashley Moody have went silent and has refused to answer any/all requests about jurisdiction. Jurisdiction, once challenged, **is to be proven, not by the Court, but by the party attempting to assert jurisdiction, the burden of proof of jurisdiction lies with the asserter.** The Court is only to rule of the sufficiency of the proof tendered, see *McNutt v. GMAC*, 298 U.S. 178. The origins of this doctrine of law may be found in *Maxfield's Lessee v. Levy, 4* U.S. 308, 330 (1797).

The law says that: "Public officials are not immune from suit when they transcend their lawful authority by invading constitutional rights." - American Federation of State, County and Municipal Employees, AFL-CIO vs. Woodward, 406 F2d 137 t.   AND THAT  "*officers of the court have no immunity, when violating a constitutional right, from liability, for they are deemed to know the law*." -Owens v. City of Independence, 448 U.S. 1, 100 S.Ct. 2502; Hafer v. Melo, 502 U.S. 21

TITLE 15 § 1122. Liability of United States and States, and instrumentalities and officials thereof;

(b) Waiver of sovereign immunity by States:

Any State, instrumentality of a State or any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune,

6.

under the eleventh amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal court by any person, including any governmental or nongovernmental entity for any violation under this chapter.

## DUE PROCESS CLAUSE

Due Process Clause of the Fourteenth Amendment to contest certain issues on Appeal (even if the Defendant entered an unconditional guilty plea). Since a rule of Procedure cannot abrogate a constitutional right, the Advisory Committee's note on Rule II specify that Rule II (a (2) "has no application" and should not be interpreted as either broadening or narrowing procedures for its application. [18 U.S.C. App., at 912].

## REQUEST FROM THE FEDERAL COURT

White, as an aggrieved party requests this Federal Court to give notice to all government agents, agencies, and lower Courts that he is outside the jurisdiction of the UNITED STATES CORPORATION (28 U.S.C. § 3002 (15)) (20 C.J.S. 1785 P. 11). And enter judgment in his favor against Plaintiff in Cause #19CF468-03 for Declaratory and Injunctive Relief, in the form of an order compelling Plaintiff's to prove it's asserted jurisdiction or in the alternative, to dismiss the charging instrument and to vacate/discharge any/all judgment's therefrom against White.

Jurisdiction has been challenged and STATE OF FLORIDA; et al;, D/B/A: Nicholas B. Cox; Robert C. Finkbeiner, Jr.; and Ashley Moody has remained silent. **The Prosecutor(s) cannot simply avoid liability based on the fact that he is a public official.** The Aggrieved Party White is requesting to analyze any/all options of any/all Agent(s), and to reverse said case back to the original court and put said jurisdiction on the record and since the liability is on STATE OF FLORIDA; et al;, D/B/A: Nicholas B. Cox; Robert C. Finkbeiner, Jr.; and Ashley Moody to be subpoenaed to answer any/all jurisdictional issues since the burden of proof of

7.

jurisdiction lies with the asserter ["No sanctions can be imposed absent proof of jurisdiction issue(s)"].

## CONCLUSION

For the written reason(s), Stephen-Loftis: White, respectfully requests this Federal Court to compel the lower originating court, IN THE COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA, to move the originating Plaintiff, STATE OF FLORIDA; et al;, D/B/A: Nicholas B. Cox; Robert C. Finkbeiner, Jr.; and/or Ashley Moody, to answer any/all jurisdictional issues; as void order(s) shall be circumvented by collateral attack or remedied where jurisdiction was challenged from the beginning.

Respectfully submitted,

Stephen-Loftis: White                    DATE: 1 - 6 - 21

8

EXHIBIT "A"

ORIGINAL MOTION ON APPEAL from
THE COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

From: Stephen Loftis White
C/O: Post Office Box 324
Archer, Florida [32618]

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
## IN AND FOR LAKE COUNTY, FLORIDA

Stephen-Loftis: White®,
     In Propria Persona
     Defendant at Law
     Solely for Purpose
     Of Equitable Relief
FOR THE CORPORATE FICTION OF STEPHEN LOFTIS WHITE©
     Ex relatione

Stephen-Loftis: White©
     Intervenor and Secured Party/Petitioner

-VS-

Cause No: 19CF468-03

STATE OF FLORIDA
     D/B/A: Nicholas B. Cox; and Robert C. Finkbeiner, Jr.; and Heidi Davis as
     Administrative Judge; and JOHN DOE(S) #1-100 and any/all Agent(s)

# MOTION TO STATE AND PROVE JURISDICTION
# ON THE OFFICIAL RECORD

## TABLE OF CITATIONS

### CASES:

MC Nutt v. Gmac  298 U.S.178

Maxfield's Lessee v, Levy 4 U.S. 308

Hagan v. Lavine 415 U.S.533

Lowe v. Alexander 15 C 296

People v. Board of S.F Fire Department 14 C 479

Evans v. Gore supra

Lord v. Kelly 240 F. Supp 167, 169, (1965)

Downes Doctrine

Gowdy v. Baltimore

Ohio R.R. Company, 385 Ill. 86, 92, 52 N.E. 2d 255

Standard v. Olsen 74 S. Ct. 768

Main V. Thiboutot 100 S. Ct, 2502; supra (1980)

Morrell v Dept. of Social Services of City of New York 436 U.S. 663

U.S. V. Idore 3 Cr 159,

Am Jur 2nd  Volume 17 (A) Clause 298

U.S. Constitution Article 2 Section IV

Thompson v. Tolmie 2 Pet 157 7 L Ed 381

Griffith v, Frazier 8 CR. 9, 3 L. Ed 471

Basso v. Utah Power & Light Co., 495 2nd 906 at 910

"Accardi Doctrine" U.S.ex rel 347 U.S. 260.

United States v. Heffner 420 F 2d 809

Act of June 25 1948 62 Stat. 985 to 991 §2 (b)

Separation of Power

## STATUTES

Lanham Act Statue at 60 St. 440, Sec 39

Supremacy Clause Article 14in that Covenant

28 USC 1332 (d)

4 USC 110 (d)

8 USC §§ 1101 (a)

5 USC 101-159, 701-705

18 USC 241

42 USC 1983, 1985 1986

Any/All State Constitution

5 USC Sec.556 558 (b) 556(d)

28 U.S.C. §3002 (4)

18 USC § 1002

18 USC § 1018

18 USC § 1101 (A)

18 USC § 241

18 USC § 242

18 USC § 872

18 USC § 1621

18 USC § 1622

18 USC § 1951

18 USC § 2381

18 USC § 2383

18 USC § 2384

18 USC § 2385

18 USC § 2386

42 USC § 1986

29 USC § 3002

## CITED UCC's

U.C.C. §1-201; (27) (14)

U.C.C. §9-105

U.C.C. §3-302 (A) (2)

U.C.C. §5-102 (6)

I, Stephen Loftis White, *Sui Juris*, Secured Party and aggrieved party petitioner (hereinafter referred to as "Claimant"); is now giving FULL NOTICE OF DISCLOSURE as to my formal request to the CLERK OF MY "SPECIAL VISITATION" Sui Juris, Secured Party (U.C.C. §10291 (27)), NON-RESIDENT, NON-DEBTOR (28 U.S.C. §3002(4)), NON-CORPORATE, NON-CORPORATED, NON-FICTION, NON-SUBJECT, NON-PARTICIPANT in any government programs, a Living flesh and blood Man, standing on the ground, Sovereign, NON-CITIZEN, made by absolute ministerial right to the State Court of pursuant to Federal Rule 8(E) of the Rules of Practice and Procedure as a "Restricted Appearance".

For the Claimant; is a "transient foreigner" without legal domicile as defined in [28 USC 1332 (d), 4 USC 110 (d)]. In the event that the "State" (Legal Fiction) makes a claim against claimant(s) herein declares his "person" to be "stateless person" and outside any/all general jurisdiction of the federal government. [All "stateless persons" fail to be subject to the jurisdiction of any/all courts because domiciled outside of the general jurisdiction of the federal government and/or any of it's Agencies, Departments, or any of it's Compact STATE's like THE CORPORATE "STATE OF FLORIDA", ETC].

The Claimant is Holder-In-Due-Course (U.C.C. §3-302 (A)(2)) of all documentation (U.C.C. §5-102 (6)) of the "Entity" Cestui Que Vie trust, Stephen-Loftis: White, representing the Corporate Fiction STEPHEN LOFTIS WHITE©.

This NOTICE constitutes Actual and Constructive Notice to all of the following: THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA; Nicholas B. Cox; Robert C. Finkbeiner, Jr.; and Heidi Davis as Administrative Judge; and any/all of it's Agent(s), individually and d/b/a "THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA" and/or d/b/a: "STATE OF FLORIDA", as well as

Constructive Notice to any/all unnamed and/or unknown agents, assigns, successors, collaborators, conspirators, or other agents who shall from hereon in until names known, be referred to as "JOHN DOE(S) #1-100" (hereinafter collectively referred to as "THIS COURT").

## RESCIND OF SIGNATURES AND/OR CONTRACTS

Stephen Loftis White, has revoked, rescinded and canceled any and all signatures, and cancels any and all silent or assumed powers of attorney of any parties, known or unknown contracts conferring trusteeship of THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA; and/or STATE OF FLORIDA; over the Corporate Fiction of STEPHEN LOFTIS WHITE®.

## U.S. SUPREME COURT DOCTRINE
## "ACCARDI DOCTRINE"

The U.S. Supreme Court has provided a law or doctrine that gives the Petitioner a legal remedy for the Prosecutor's failure to comply it is called the "Accardi Doctrine" which was established by the U.S. Supreme Court. "A Government Agency being the prosecutor must...Scrupulously observe rules of procedures which **it has established, and when it fails to do so, its action cannot stand, and courts will strike it down." "UNITED STATES ex. Rel. "Accardi v. Shaughnessy, 347 U.S. 260; UNITED STATES v. Heffner, 420 F 2d 809."**

## NOTICE AND DEMAND FOR THE PROSECUTOR(S) TO STATE AND PROVE JURISDICTION ON THE OFFICIAL RECORD

Jurisdiction, once challenged, is to be proven; not by the Court but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter in which is Nicholas B. Cox and/or Robert C. Finkbeiner, Jr.. The Court is only to rule of the sufficiency of the proof tendered, See McNutt v. GMAC, 298 U.S. 178. The origins of this doctrine of law may be found in [Maxfield's Lessee v. Levy 4 U.S. 308.]

The aggrieved party accused Defendant of **any/all previous Cause(s);** Stephen Loftis White, believes, "any/all Cause(s) **should be dismissed for lack of subject matter jurisdiction and/or personal jurisdiction**, because the Plaintiff's complaint fails to allege facts sufficient to show that the Court has subject matter jurisdiction." Fact is, "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings" (Hagan v. Lavine, 415 US 533). "Therefore it is necessary that the record present the fact that establishing the jurisdiction of the tribunal" (Lowe V. Alexander, 15 C 296, People v. Board of S.F. Fire Dept, 14 C 479). **As the LAW requires such proof to appear on the official record this private citizen inhabitant of FLORIDA Demands the "STATE OF FLORIDA" et al; Nicholas B. Cox and/or Robert C. Finkbeiner, Jr., and/or THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA to produce lawful and legal proof (verified and demonstrated evidence) [Federal Rule 201 d] to its alleged jurisdiction over this Private Citizen,** Stephen-Loftis: White, *Sui Juris.*

The Prosecutor(s); D/B/A: Nicholas B. Cox and/or Robert C. Finkbeiner, Jr., have the duty to place all fact(s) of jurisdiction upon the record as a necessary requirement of due process of law. A Court "cannot confer jurisdiction where none exists and cannot make a void proceeding valid". [See Gowdy v. Baltimore and Ohio R.R. Company, 385 III. 86, 92, 52 N.E. 2d 255(1943)] without evidence, no such jurisdiction can be presumed to exist.]

## PERSONAL JURISDICTION

Personal jurisdiction is a court's jurisdiction over the parties to a lawsuit, as opposed to subject-matter jurisdiction over the law and facts involved in the suit. If a court does not have personal jurisdiction over a party, its rulings or decrees cannot be enforced upon that party, except by comity; i.e. to the extent that the sovereign which has jurisdiction over the party allows the court to enforce them upon that party. A court that has personal jurisdiction has both the authority to rule on the law and facts of a suit and the power to enforce its decision upon a party to the suit.

Three fundamentals of personal jurisdiction constrain the ability of courts in the United States to bind individuals or property to its decisions: consent, power, and notice. Claimant has NEVER lawfully given consent to be place under the jurisdiction of STATE OF FLORIDA, nor Nicholas B. Cox, or Robert C. Finkbeiner, Jr.; and has, in fact, revoked any and all signatures that were obtained without full disclosure to any/all contracts binding him to the CORPORATE "STATE OF FLORIDA" (See Previously FILED on this court's record: "AFFIDAVIT OF NOTICE" and the FILED UCC-1's from both MARCH 14 2019 as Filing # 201908018044 and Apr 3 2019 as Filing # 201908284577 as "STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM" filed and accepted on by the FLORIDA SECURED TRANSACTION REGISTRY as the officially authorized record acknowledged for the FLORIDA SECRETARY OF STATE (hereinafter referred to as "UCC-1")).  STATE OF FLORIDA, nor Nicholas B. Cox and/or Robert C. Finkbeiner, Jr., does not have power to enforce any contracts, statutes, or regulations in-which claimant is not a signatory thereof, that would be a violation of constitutional and due process rights. Further, Claimant was never given notice, under full disclosure, as to the jurisdiction asserted by the STATE OF FLORIDA nor Nicholas B. Cox and/or Robert C. Finkbeiner, Jr., over his private person regarding Cause No: 19CF468-03.

A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. Void judgment is one entered by court without jurisdiction of parties or subject matter or that lacks inherent power to make or enter particular order involved; such judgment may be attacked at any ~~tie~~, either directly or collaterally. Further, Void judgment is one which has no legal fore or effect whatsoever, it is an absolute nullity, its invalidity may be asserted by any person whose rights are affected at any time and at any place and it need not be attacked directly but may be attacked collaterally whenever and wherever it is interposed.

Invalidity needs to appear on face of judgment alone that judgment or order may be said to be intrinsically void or void on its face, if lack of jurisdiction appears from the record. Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of person or subject matter, and judgments procured through fraud, and such judgments may be attacked directly or collaterally.

**Nicholas B. Cox and/or Robert C. Finkbeiner, Jr. and/or their respective successor(s), must prove and provide documented evidence on the official record that they have proven subject-matter and personal jurisdiction and/or Law that can superseed the Claimant's *Holder-in-Due-Course Priority Claim(s)*.** If Nicholas B. Cox and/or Robert C. Finkbeiner, Jr. and/or their successor(s) state any Law, *this is hereby an official Demand to be included forthwith for the official record any and all Certificates of Statutes, filed by the Supreme Court giving power to enforce, related to those Laws they may use.* Nicholas B. Cox and/or Robert C. Finkbeiner, Jr. and/or their successor(s), must prove and provide documented evidence on the official record that they and/or the Court in the above mentioned Cause had lawful jurisdiction *over the Living Man / Secured Party Stephen-Loftis: White©.*

Allow this court and all parties herein to be reminded of the following court opinions, decisions and rulings;

> *"Where there is absence of Jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification and may be rejected under direct attack."*

**It is not the court's responsibility to prove it has jurisdiction; and where a judge arbitrarily claims the court has jurisdiction, he is violating the defendant's right to due process of the law. It is, in fact, the plaintiff's responsibility to prove, on the record, that jurisdiction exists.** Jurisdiction can be challenged at any time, even years later, and even collaterally, as in private administrative process, as was done herein.

When rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory. A "void" judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are are not judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen old wound and once more probe its depths. And it is then as though trial and adjudication had never been.

A party seeking to vacate a void judgment could file a motion for relief "at any time subsequent to its rendition" and that a void judgment could be vacated at any time and cited Sweeney v. Tritsch as authority for this proposition. "The rationale for being able to vacate a void judgment at any time is that a void court order is a complete nullity. As a nullity, a void judgment has no effect and is subject to attack at any time." Hodges v. Archer, 286 Ala. 457, 459, 241 So.2d 324, 326 (1970).

Citizenship is not determined by residence, but rather by domicile. As the Fifth Circuit has held:

> *a person's domicile is the place of "his true, fixed, and permanent home and principal*
> *establishment, and to which he has the intention of returning whenever he is absent*
> *therefrom...' A change of domicile may be effected only by a combination of two*
> *elements: (a) a taking up residence in a different domicile with (b) the intention to*
> *remain there.*

## Claimant's ASSERTION OF EXERCISE OF FUNDAMENTAL RIGHTS

The accused secured party Claimant, here on the official record, asserts the exercising of all his fundamental rights and waiver of none. He also does not waive any rights merely by omission of them herein. Any hidden or assumed waiver of rights is hereby rescinded by this reference.

In particular, the accused secured party hereby objects strenuously to the existence of any contract, either verbal or written, either expressed or implied in fact, between any currently seated

Circuit/County/District Judge et. al; *or any other* controlling interests, on grounds of conflicts of interest to show jurisdictional issue(s) on Stephen Loftis White.

*"Mere 'good faith' assertions of power and authority (jurisdiction) have been abolished."*

Owen V. Indiana, 445 U.S. 622; Butz V. Economou, 438 U.S. 478; Bivens V. 6 Unknown Agents, 403 U.S. 388.

The Claimant as the accused party is guaranteed the fundamental right to an independent and unbiased judiciary. See Evans v. Gore *supra*. The existence of a contract between the presiding Judge and any other branch of the STATE government, or any of its agencies, assigns, or instrumentalities, is evidence of a conflict of interest and proof of a dependent and biased judiciary. See Lord v. Kelley, 240 F. Supp. 167, 169 (1965) and compare with Evans v. Gore *supra*, to measure how far American society has degenerated under the Downes Doctrine.

This honorable Court will please take formal judicial notice of the holding and the dicta in Evans, which case proves that American courts have an *obligation* to rule on matters which properly come before them.

The U.S. Supreme Court has defined **"separation of powers"** as follows:...[A] Power definitely assigned by the Constitution to one department can neither be surrendered nor delegated by that department, nor vested by statute in another department or agency. [Williams v. United States] [289 U.S. 553, 580 (1933)].

See Mookini v. United States, 303 U.S. 201,58 S. Ct. 543, **82 L. Ed. 748 (1938) Act of June 25, 1948, 62 Stat. 985 to 991, § 2(b) ("continuations of existing law") and § 9 ("the jurisdiction of State/Federal courts of the United States").**

**7(e) The Act of June 25, 1948, 62 Stat. 869 et seq., is vague and deceptive in several of its key provisions and is, therefore unconstitutional.**

[Any] "…departure by a court from those recognized and established requirements of law however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest V. Wuest, 127 P2d 934, 937.

*"The law provides that once the State and Federal jurisdiction has been challenged, it must be proven." Main V. Thiboutot, 100 S.Ct. 2502 (1980)*

*"Where jurisdiction is denied and squarely challenged, jurisdiction cannot be assumed to exist "sub silentio, but, must be proven." Hagan V. Lavine, 415 U.S. 528, 533, n.5; Monell V. N.Y., 436 U.S. 633.*

*"A court cannot confer jurisdiction where none exists and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court."*
*OLD WAYNE MUT. L. Assoc. V. McDonough, 204 U.S. 8, 27 S. Ct. 236 (1907).*

*"Where there is absence of jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification, and may be rejected upon direct attack." Thompson V. Tolmie, 2 Pet. 157, 7 L.Ed. 381; Griffith V. Fraizer, 8 Cr. 9, 3 L.Ed. 471;*

*"No sanctions can be imposed absent proof of jurisdiction." Standard V. Olsen, 74 S.Ct. 768; Title 5 U.S.C., Sec. 556 and 558(b)*

*"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance."   Rescue Army V. Municipal Court of Los Angeles, 171 P2d 8; 331 U.S. 549, 91 L. ed 1666, 67 S. Ct. 1409.*

*"When rule providing for relief from void judgment is applicable, relief is not discretionary matter, but is mandatory." Orner v. Shalala, 30 F. 3d. 1307, (Colo. 1994).*

*"Judgments entered where court lacks either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside." Jaffe and Asher v. Van Brunt, S.D.N.Y. 1994, 158 F.R.D. 278.*

The citing of any/all references within this Motion, does not constitute intent to elect the law form or type of law or authority of these courts to the Claimant, or enter him into the authority of any jurisdiction foreign to him/her; and is merely done as a service and reminder to the court, so that it can closely examine the questions of jurisdiction relevant to this case for itself and from "res judicata sources" that it may respect, and of course, that it will know and realize it is bound by, as the question of jurisdiction has been examined closely before. This Claimant maintains his sui juris private citizen status at all times.

**APPOINTED FOR TRUSTEESHIP
CO TRUSTEES TO CASE PRINCIPAL
TRUSTEE ON CASE**

(1) Nicholas B. Cox

(2) Robert C. Finkbeiner, Jr.

(3) PROSECUTOR OFFICE(S)

POSITION OF TRUSTEESHIP
ADMINISTRATIVE NOTICE
EXECUTOR, ACCEPTOR AND PRINCIPLE
NOTIFICATION
UNDER CONTRACT LAW OF
POWER OF ATTORNEY OF LIMITED
FIDUCIARY TRUSTEESHIP

**DUTY TO THE PUBLIC TRUST OF OFFICE IN CAUSE # 19CF468-03**

**ADMINISTRATIVE NOTICE, EXECUTOR, ACCEPTOR
AND PRINCIPLE UNDER CONTRACT LAW OF
POWER OF ATTORNEY OF LIMITED FIDUCIARY
TRUSTEESHIP DUTY TO THE PUBLIC TRUSTS OF
OFFICE IN CAUSE # 19CF468-03**

Limited Fiduciary Trusteeship Contract,
First Notice

I, Stephen Loftis White, hereinafter Executor, Acceptor and Principle, **Title 26 Subtitle B Chapter**

**11 Subchapter C Sec. 2203**, for the STEPHEN LOFTIS WHITE cestui que trust, state each is

Executor, Acceptor and Principle, respectively, in any and all matters relating to 19CF468-03, any

and all bonds, warrants, securities, hypothecations and related instruments, hereinafter

Accounts/Cases, nunc pro tunc to 9/29/1979 [date of birth], prior to the placement of ink footprints

on any/all Registration and/or Certificate(s) of Live Birth form/s such as 109-79-083771 and any

other derivatives or matrix's thereof; and state the following:

Executors, Acceptors and Principles, hereby revoke, rescind, and cancel any and all silent or

assumed were of attorney of any parties' known or unknown contracts conferring trusteeship upon

Executors, Acceptors and Principles; thereby causing Executors, Acceptors and Principles to be

placed as a trustee to the Trust, and state they have never knowingly consented, never knowingly intended, never will intend to accept the capacity/standing of a trustee(s) in any of the the Accounts/Cases herein.

Executor, Acceptor and Principle hereby revoke, rescind and cancel any and all signatures placing them in any position of trusteeship for Accounts/Cases, nunc pro tunc to 9/29/1979 [date of birth] to birth date prior to the placement of ink footprints on birth documents, from any known or unknown contracts conferring trusteeship.

Acceptor and Principle immunity under 12 (b) (6), 11th amendment and remedy under the Administrative Procedure act as the injured Party in the actions. The TRUSTEES now have the obligation to settle the account in behalf of the Executor, Acceptor and Principle and take any and all complaints against the injuring parties.

Executor, Acceptor and Principle state that it causes a conflict in law and interest for Executor, Acceptor and Principle to hold the position of Trustee, under the heading of Embezzling from the Trust. The Executor, Acceptor and Principle cannot be a trustee to his own trust. TRUSTEES and learners of law know it is a crime for the Executors to hold the position of Trustee, as there is no one else to Trustee other than the accusers, the duty of Trustee falls back on those accusers, TRUSTEES.

## REMEDY REQUESTED

TRUSTEES are given seven (7) days from the date of service of this POWER OF ATTORNEY OF LIMITED FIDUCIARY TRUSTEESHIP DUTY, Limited Fiduciary Trusteeship Contract, to serve notice upon the Executor, Acceptor and Principle that all debts of all Accounts/Cases have been discharged and extinguished and that all obligations relating thereto have been satisfied. Executor, Acceptor and Principle state that any and all appointments to TRUSTEESHIP are on a limited basis to said actions. To when and where they are named for such action, they will continue as

TRUSTEES until such time of the closing of such transactions and all discharges and extinguishments are met, they are then released of said duty or until such time that their trustee services require them to be called upon again.

Executor, Acceptor and Principle state that the absence of completion of the foregoing by TRUSTEES, will be understood to be act(s) of contempt and of malicious harassment with the intent to defraud, whereby appropriate ledgering and administrative reports will issue in the matter.

Stephen-Loftis: White©, Secured Party Creditor, is stating, on the official record, that on the commencement of Cause No: 19CF468-03 by Nicholas B. Cox and/or Robert C. Finkbeiner, Jr. that there was no lawful proof pertaining to the asserted jurisdiction before this trial court and the Claimant, Stephen-Loftis: White©, Secured Party Creditor, does NOT believe that Nicholas B. Cox and/or Robert C. Finkbeiner, Jr., nor THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA ever had lawful jurisdiction over the subject-matter or jurisdiction nor personal jurisdiction over the parties at the time of said Judgment [Feb 13,2019; charging instrument titled "INFORMATION FOR:"] was initiated. Therefore, said instrument/s and cause(s) therefrom constitutes a VOID JUDGMENT from the beginning.

**The Prosecutor(s); D/B/A:  Nicholas B. Cox and/or Robert C. Finkbeiner, Jr., has the duty to place all fact(s) of jurisdiction upon the record** as a necessary requirement of due process of law.

**Respectfully Submitted**

**Stephen Loftis White**

Time Stamp Return to:
Stephen Loftis White
C/O: Post Office Box 324
Archer, Florida [32618]

## CERTIFICATE OF SERVICE

**I, Stephen Loftis White, have served as follows:**

THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA
Attn: Clerk
550 West Main Street
Tavares, Florida 32778
by hand delivery

And to:

Nicholas B. Cox
3507 E. Frontage Rd Ste 325
Tampa, FL 33607-1795
Via Regular U.S. Mail

Robert C. Finkbeiner, Jr.
135 West Central Boulevard
Suite 100
Orlando, Florida 32801
Via Regular U.S. Mail

I attest and affirm to the service listed supra on this ____20^th____ day of __February____, 20_20_.

**Stephen Loftis White**

27

EXHIBIT "B"

DENIAL ORDER ON MOTION from
IN THE COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

**IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA**

STATE OF FLORIDA,

v.

STEPHEN LOFTIS WHITE,

Defendant.

_____/

COURT CASE NO.: 2019-CF-468
OSP No.: 2017-350-ORL

#### ORDER ON DEFENDANT'S MOTION TO STATE
#### AND PROVE JURISDICTION ON THE OFFICIAL RECORD

THIS CAUSE came before the Court for a hearing on August 26, 2020, upon Defendant's Motion to State and Prove Jurisdiction on the Official Record filed on February 20, 2020 ("Motion"). Present for the hearing were counsel for the state, Attorney Robert C. Finkbeiner, Jr., and the Defendant, *pro se*, both appearing via ZOOM video conference.[1] The Court, having heard the arguments of each party and being otherwise fully advised in the premises, finds and concludes as follows:

#### FINDINGS

1.    The Motion can be viewed from two main perspectives. First, based on its title and most of its content, it can be viewed as a request to have jurisdiction stated on the record so that the Defendant can understand and challenge the basis for the state's exercise of jurisdiction over his pending proceeding. Second, it can be viewed as a request by the Defendant to have the Court dismiss this case based on the lack of jurisdiction even though it is not titled a motion to dismiss.

2.    The Defendant apparently does not recognize the sovereignty of the State of Florida as an entity that can legally charge him, an individual, with an alleged criminal violation. After all arguments were completed at the hearing, the Court orally recited the historical bases for the State of Florida exercising criminal jurisdiction in this case. The Court briefly recited the history of the English common law from the signing of the Magna Carta in 1215 forward, highlighting the successful American Revolution; the United States of America's acquisition of the territory of

---

[1] Defendant has been *pro se* since February 10, 2020, when his motion to discharge his former counsel was granted by the then presiding judge following a *Faretta* inquiry. The case was administratively reassigned to the undersigned effective July 2, 2020. Another *Faretta* inquiry is scheduled to occur on October 1, 2020.

Florida from Spain followed by Florida's statehood in 1845; the adoption of the English common law in Florida by statute effective as of July 4, 1776; the adoption of several state constitutions including the current Florida Constitution in 1968, as amended, which established constitutional officers including the circuit courts; and numerous state legislative enactments by duly elected representatives and senators, with the governor's participation, creating a criminal code and establishing a criminal justice system under the U.S. and Florida Constitutions to administer justice thereunder.   Following the Court's recitation of the historical bases for the State of Florida's jurisdiction in criminal cases, the Defendant was asked if he had any questions and he responded that he did not.

3.   In addition, the Court finds that the arguments presented in open court by the Office of Statewide Prosecution established the bases, under the Florida Constitution and the pertinent Florida Statutes, for this Court's jurisdiction in this action.

## CONCLUSIONS

In view of the foregoing findings and applicable law, it is **ORDERED** as follows:

A.   To the extent the Motion seeks a statement of the basis for, and proof of,  this Court's jurisdiction on the official record as the title of the Motion indicates, at the hearing the Court provided the Defendant with a response on the record.  This Order summarizes that response.

B.   To the extent the Motion seeks dismissal of the pending criminal charges based on lack of jurisdiction, the Motion is **DENIED**.

**DONE** and **ORDERED** in Chambers at Tavares, Lake County, Florida this \7ᴵᴴ day of September 2020.

LARRY METZ, CIRCUIT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been served this 2| day of September 2020 via the Florida Courts E-Filing Portal to Robert C. Finkbeiner, Jr., Esq. at Robert.finkbeiner@myfloridalegal.com; and to Defendant, Stephen Lotus White, at slwhite79@yahoo.com.

DEPUTY CLERK

2

30

EXHIBIT "C"

Decision/Order from
THE DISTRICT COURT OF APPEAL, FIFTH DISTRICT

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

STEPHEN LOFTIS WHITE,

      Petitioner,

v.                           CASE NO.  5D20-1938

STATE OF FLORIDA,

      Respondent.
_____/

DATE:  November 17, 2020

**BY ORDER OF THE COURT:**

      ORDERED that the Petition for Writ of Prohibition, filed September 28, 2020

(certificate of service date), is denied on the merits. See Topps v. State, 865 So. 2d

1253 (Fla. 2004).

*I hereby certify that the foregoing is*
*(a true copy of) the original Court order.*

Sandra B. Williams

SANDRA B. WILLIAMS, CLERK

Panel: Judges Cohen, Eisnaugle, and Harris

cc:

Bonnie Jean Parrish       Office of the Attorney       Stephen Loftis White
Hon. Larry Metz            General

32



EXHIBIT "E"

ORDER/DECISION FROM THE SUPREME COURT OF FLORIDA

# Supreme Court of Florida

MONDAY, DECEMBER 21, 2020

**CASE NO.: SC20-1850**
Lower Tribunal No(s).:
5D20-1938; 352019CF000468AXXXXX

STEPHEN LOFTIS WHITE          vs.     STATE OF FLORIDA

Petitioner(s)                              Respondent(s)

This case is hereby dismissed. This Court lacks jurisdiction to review an unelaborated decision from a district court of appeal that is issued without opinion or explanation or that merely cites to an authority that is not a case pending review in, or reversed or quashed by, this Court. *See Wheeler v. State*, 296 So. 3d 895 (Fla. 2020); *Wells v. State*, 132 So. 3d 1110 (Fla. 2014); *Jackson v. State*, 926 So. 2d 1262 (Fla. 2006); *Gandy v. State*, 846 So. 2d 1141 (Fla. 2003); *Stallworth v. Moore*, 827 So. 2d 974 (Fla. 2002); *Harrison v. Hyster Co.*, 515 So. 2d 1279 (Fla. 1987); *Dodi Publ'g Co. v. Editorial Am. S.A.*, 385 So. 2d 1369 (Fla. 1980); *Jenkins v. State*, 385 So. 2d 1356 (Fla. 1980).

No motion for rehearing or reinstatement will be entertained by the Court.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

td
Served:
WESLEY HEIDT
STEPHEN LOFTIS WHITE
HON. GARY J. COONEY, CLERK
HON. LARRY EDWARD METZ, JUDGE
HON. SANDRA B. WILLIAMS, CLERK