UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEPHEN LOFTIS WHITE,

    Plaintiff,

v.                                                      Case No: 5:21-cv-11-Oc-CEMPRL

NICHOLAS B COX, ROBERT C.
FINKBEINER, JR. and ASHLEY
MOODY,

    Defendants.
_____

**ORDER**

    This matter is before the Court on the motion of Defendants Nicholas B. Cox, Statewide Prosecutor and Robert C. Finkbeiner, Jr., Chief Assistant Statewide Prosecutor to quash the service of process effected against them and to permit Plaintiff 90 days to properly serve Defendants pursuant to § 48.031(1), Fla. Stat. (Doc. 11). Plaintiff has no objection.

    Pursuant to Federal Rule of Civil Procedure 4(e), service of process may be accomplished by following state law or by doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Florida Statute § 48.031(1)(a) and (b), which governs service of process on individuals such as Defendants states:

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their

- 2 -

contents. Minors who are or have been married shall be served as provided in this section.

(b) An employer, when contacted by an individual authorized to serve process, shall allow the authorized individual to serve an employee in a private area designated by the employer. An employer who fails to comply with this paragraph commits a noncriminal violation, punishable by a fine of up to $1,000.

Here, according to the returns of service filed with the Court (Docs. 7, 8), Plaintiff attempted to serve these Defendants via USPS, certified mail. This mode of service was not authorized by either federal or state law.

Accordingly, Defendants' motion (Doc. 11) is due to be **GRANTED.** Service of process effected against Defendants Nicholas B. Cox and Robert C. Finkbeiner, Jr. is **QUASHED** and Plaintiff shall properly serve Defendants within **90 days** of this Order.

**DONE** and **ORDERED** in Ocala, Florida on February 10, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties